APR 18 2020

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: SHERRY ALSTON

CASE NO. 19-11638 JFK
CHAPTER 13

MOTION TO REVERSE BARRED STATUS FOR CHAPTER 13
OR REINSATE CASE# 19-11638

I Sherry Alston is asking the court to reverse the 1 year barred status decision in the above mentioned case. My intention is not to be a repeated filer, but a successful filer. **I am facing a foreclosure scheduled for May 5, 2020 and would like to prevent sale.**

Dear Honorable Jean FitzSimon,

I am reaching out to you, status post my telephonic conference on Wednesday April 8th in which you denied compensation of $2500 to Douglas Lally, Esquire. Thank you for your time and ruling in that matter.

I am submitting this request as I was advised by the court as it was a separate issue, and had to be addressed separately.

Honorable Judge, I am asking that the decision be reversed from a 1 year barred status, and I be allowed to refile my chapter 13 with another bankruptcy attorney that through I believe will be able to handle this matter more effectively. My case was dismissed on January 15,2020. I tried to prevent this from occurring and attorney Lally refused to assist me in the efforts of surviving the bankruptcy.

- Bankruptcy dismissed on January 15th and normal payment is due on the 18th of the month. Had I been granted until the 18th I would have brought payments to date, and I would have satisfied within the timeframe. The case dismissed before allowing payment to post by the 18th day of the month.
- Attorney Lally did not advise me that payments would have to be caught up by a certain date to avoid dismissal, he waited until the dismissal date and refused to try to rectify. He advised me how much money should have been in the plan after the case was dismissed and timeframes to rectify was already exhausted.
- My prior case #18-10042 was dismissed because Attorney Lally neglected to file necessary paperwork within the timeframe allotted. So this case was dismissed as to no fault of mine. So a refile of bankruptcy was filed due to his error.
- My other case 19-11638 was dismissed because my attorney stated that" he felt like if we went before the judge she was going to rule in the favor of Freedom Mortgage, and it wasn't worth pursing". (I believe I should have had the opportunity to appear before the judge and let a decision be made at that time) RE: A stipulation that was challenging and Douglas Lally, Esquire refused to contest. This matter delayed confirmation.
- I had to consult other attorneys to help me while in bankruptcy because Douglas Lally, Esquire allowed the bank to do unfair practices while being protected under the bankruptcy (Exhibit A is attached from a consumer attorney who wish to be unnamed if and until he can proceed with litigation.

- Douglas Lally, Esquire was unfamiliar with a lot of practices and issues that arose from Freedom Mortgage and their attorney, so I had to rely and pay other counsel to get clarity and try to move in the right direction.

- I tried to change counsel before dismissal, but no one willing to work with the bankruptcy in place as they felt it consisted of too many issues that would prevent them from moving forward in an effective manner.

I am asking that all of my information being submitted, taking into consideration as I had every intention to be successful with this bankruptcy. I was compliant in both cases and feel that they were dismissed through no fault of mine.

If the above mentioned case, cannot be reopened. If I can be allowed. If the above matter can be reopened if I can resume payments for the plan.

I have been very tenacious in trying to get this matter resolved but to no avail I have been unsuccessful. I have been advocating for myself and still with the mortgage company to try to come to a positive solution. I am in a financial position to pay as my salary has doubled since the time of the mortgage. I have not ignored the situation I have been trying everything to settle. (Exhibit B Copies of proof of intent to resolve). I am in need of bankruptcy protection as my mortgage company Freedom was aware that I was being represented by Loss Mitigation "Advocacy Retention Group" which was documented on my account, and had several conference calls. I was placed on trial payments in order to resolve. I followed the direction of the trial payment which was a total of $5,725.00 which the Loss Mitigation services never relinquished to the mortgage company, which has affected me in obtaining a successful modification. (Proof and contract is included).

Thank you in advance for your time.

Date: April 13, 2020

Sherry Alston
Pro se Debtor
7537 Greenhill Road
Philadelphia, PA 19151

Email: shearalston@yahoo.com

# Retention Advocacy Group



**1. Parties.** This contract for consumer services ("Agreement") is made on 07/18/2017                , between **Retention Advocacy Group** and Sherry Alston                                              ,                                    ("CLIENT(s)").

**2. Subject Matter.**   The subject matter of this representation is for negotiation and resolution of disputes with current lender regarding the subject real property and mortgage loan as follows:

Property Address:  7537 Greenhill Rd - Philadelphia, PA 19151

Mortgage Servicer: Freedom Mortgage

Loan #  0090013558

**3. Scope of Services.** CLIENT(s) understands that **RAG** will negotiate with CLIENT(s) current lender and/or lenders regarding modifying, restructuring, and/or reducing CLIENT(s) residential real estate loan in a way that may allow CLIENT(s) to achieve and maintain financial stability. In order to clarify any misinterpretation regarding the terms "modifying", "restructuring" and/or "reducing," the parties all agree that each of the following shall separately or collectively be enough to qualify as          such:

- Interest Rate Reduction. Lender agrees to reduce the interest rate of the loan(s).

- Interest Rate Status Change. Lender agrees to change a variable interest rate for the loan(s) to a fixed interest rate, whether temporarily or permanently, at a rate equal to or less than CLIENT(s) current interest rate.

- Principal Balance Reduction. Lender agrees to reduce the principal balance of the loan.

- Extension of Loan Maturity Date. Lender agrees to extend the term of the loan in order to reduce the monthly payment obligation.

- Monthly  Mortgage  Payment  Reduction.  Lender,  by  one  or  more  ways,  reduces CLIENT(s) monthly mortgage payment obligation.

- Forbearance. Lender agrees to permit CLIENT(s) to delay or reduce payments for a short period, with the understanding that another option will be used at the close of that period of time to bring CLIENT(s) account to a current status. Once in agreement, the lender will cease legal action.

- Deed in Lieu. A Deed in lieu of foreclosure is a deed instrument in which a mortgagor (i.e. the borrower) conveys all interest in real property to the mortgagee (i.e. the lender) to satisfy a loan that is in default and avoids foreclosure proceedings. The principal

advantage to the CLIENT(s) is that it immediately releases him/her from most or all of the personal indebtedness associated with the defaulted loan. The CLIENT(s) also avoids the public notoriety of a foreclosure proceeding and may receive more generous terms than he/she would in a formal foreclosure.

- Trial Modification. Lender agrees to temporarily modify the terms of CLIENT(s) home loan. In the event CLIENT(s) wish **RAG** to conduct work after a Trial Modification is obtained, CLIENT(s) is required to notify **RAG** within 30 days of receiving written notice from ***Borrower*** that a Trial Modification has been offered by the lender.
- By Agreement. Any loan terms or loan structure of any kind agreed upon between CLIENT(s) and Lender wherein CLIENT(s) mortgage loan situation is placed in a more favorable position than the current loan.

CLIENT(s) understands and hereby acknowledges that no litigation or litigation activities are contemplated by this Agreement or that this Agreement encompasses litigation matters. Any legal services other than loan mitigation services herein will be subject to a separate agreement.

**4. RAG Rights and Obligations. RAG** shall represent CLIENT(s) regarding the subject matter specified in Paragraph 2. This representation shall consist of providing advice and performing any services that **RAG** reasonably believes are necessary in order to represent CLIENT(s). Under this Agreement **RAG** is authorized to utilize the services of paralegals, clerks, legal assistants and such other agents or employees as the **RAG** deems fit.

**5. CLIENT(s) Obligations.** CLIENT(s) agree to cooperate with ***RAG*** to the fullest extent necessary for ***RAG*** to discharge his or her duties under this Agreement. Cooperation shall include, but not be limited to, promptly providing ***RAG*** with any necessary documents and other information upon request.

CLIENT(s) understands that all the necessary information and documentation requested by RAG including any follow up information and/or documentation must be submitted in a timely manner and that failure to provide such constitutes a material breach of this Agreement and could result in the loss of the residence by foreclosure. Cooperation further includes complete candor and honesty. CLIENT(s) understands and acknowledges that any strategy suggested or legal advice given by **RAG** is dependent upon CLIENT(s) being honest with **RAG**; as such, should RAG come to believe that CLIENT(s) is misleading RAG or otherwise not being honest; RAG shall have the right to immediately cease all services and/or officially withdraw from representation. CLIENT(s) further agrees that failure to perform the responsibilities herein will result in forfeiting all fees paid to RAG regardless of outcome.

**6. Processing Costs.** The legal services identified in paragraph 3 shall be provided on a payment basis and not be billed to CLIENT(s) by the hour. The agreed total cost is **$** 3,425.16 .

Payments will be paid pursuant to the payment schedule listed as Services and Costs Breakdown and said payment schedule is incorporated by reference on page 7. A "Total Cost" means the payments will not be increased or decreased depending upon the amount of work required to complete the scope of services. RAG agrees to set aside time to diligently handle this matter. RAG also assumes the risk that he or she will do more work than planned without additional compensation. The payment of the above legal costs is not conditioned on the outcome of the case. The parties agree that a satisfactory performance of RAG's scope of work shall consist of obtaining a loan mitigation solution from any of the CLIENT(s) mortgage lender(s) as herein described in paragraph 3.

**7. Discussions with Third Parties.** CLIENT(s) hereby authorizes RAG to discuss any and all issues regarding this matter with CLIENT(s) representatives of the loan company (or companies) from which

CLIENT(s) is seeking a loan mitigation solution and any other party whom the client reasonably believes may have information related to the matter or whom the client believes might assist in resolving the matter.

**8. Discharge and Withdrawal.** CLIENT(s) may discharge RAG at any time, for any reason. If CLIENT(s) so chooses to discharge RAG prior to the completion of the scope of services, any notice from CLIENT(s) to RAG shall be in writing. RAG may withdraw at any time for good cause. Good cause includes CLIENT(s) breach of this Agreement such as failure to make timely payment of deposit or any fees due, refusal to cooperate or to follow RAG's advice on a material matter, any fact or circumstance that would render RAG's continued representation unlawful or unethical or if RAG believes CLIENT(s) is not being completely honest with RAG.

**9. Retention of Records.** Once the case has been concluded or if the relationship between RAG and the CLIENT(s) is terminated, RAG shall return the CLIENT(s) records and files to CLIENT(s). Should CLIENT(s) refuse to accept his/her file and records RAG shall have no obligation to retain or store such records.

**10. Severability.** The provisions of this Agreement shall be severable and the invalidity of any provision, or portion thereof, shall not affect the enforceability of the remaining provisions.

**11. Execution in Counterparts.** This Agreement may be executed in any number of counterparts, each which shall serve as the original but all of which together shall constitute one instrument.

**12. Governing Law and Venue.** The validity of this Agreement and of any of its terms or provisions, as well as the right and duties of the parties under this Agreement, shall be construed pursuant to and in accordance with the law.

**13. Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the parties, their heirs, successors and assigns.

**14. Independent Counsel.** CLIENT(s) has the right to consult with an independent Counselor of his/her choice prior to granting any lien to RAG. By signing this Agreement, CLIENT(s) either has obtained such advice or has freely and voluntarily chosen not to do so.

**15. Tax Consequences.** CLIENT(s) understands and acknowledges that RAG does not give tax advice and CLIENT(s) must consult his or her own tax professional to determine the tax consequences, if any, of a loan modification or other mortgage loan mitigation solution.

**16. Disclaimer.** CLIENT(s) understands that achieving a favorable loan mitigation solution is not a guarantee. CLIENT(s) understand that RAG does not know the identity of the individual investor at the beginning ofthe representation. Such information is ascertained, if at all, after RAG has been retained by CLIENT(s) and the negotiations commence. RAG cannot guarantee if the individual investor has participated in any prior government programs; achieving a positive result may not be possible without the need for litigation. RAG agrees to timely notify CLIENT(s) of any negative investor status that will interfere with RAG's attempt to secure a modification of the subject mortgage loan and CLIENT(s) will be subject to a Refund based on Services Breakdown (page 5).

**17. Notices.** All notices, requests or demands and other communications hereunder shall be in writing and delivered by overnight delivery service or mailed to the intended recipient at the address specified below. Such notices, requests, demands and other communications shall be deemed to have been fully given when delivered by overnight delivery service against receipt, or in the case of mailed notices, three (3) business days after such notice is enclosed in a properly sealed envelope and deposited in a post office or collection facility regularly maintained by the United States Postal Service (registered or certified mail, return receipt requested, postage and certification or registration prepaid).

**18. CLIENT-Lender Relationship Statement.** In entering into this Agreement, CLIENT(s) acknowledges that RAG has not taken, and further understands that RAG shall not take, any action to disrupt the relationship(s) between CLIENT(s) and his/her/their lender(s) or any other person with whom CLIENT(s) has a contractual obligation pertaining to the subject mortgage loan(s). CLIENT(s) has engaged RAG for the sole purpose of negotiating a resolution with said lender(s) within the Agreement. CLIENT(s) further intends, by this Agreement, to create a confidential relationship with RAG in regard to resolving CLIENT(s) current mortgage distress by modifying, restructuring, and/or reducing CLIENT(s) residential real estate mortgage loan(s). CLIENT(s) acknowledge that any positive result after RAG is retained is attributed to the RAG Involvement.

CLIENT(S) UNDERSTANDS THAT RAG MAY DEAL DIRECTLY WITH LENDER(S) AND THAT CLIENT(S) IS NOT OBLIGATED TO RETAIN THE SERVICES OF RAG

**19. Result.** RAG promises to use its best efforts to achieve a positive result for Client(s). However, RAG cannot guarantee the outcome of the desired result. Client(s) understands that full and complete cooperation is necessary to generate the most positive outcome. Client(s) further understands that he or she may contact the lender directly to work out a resolution of his or her mortgage distress issue but has chosen to retain the services of RAG to serve as Client(s) Advocate to negotiate new terms of mortgage loan.

IN CONSIDERATION of the mutual covenants and agreement of the parties set forth herein, the parties have signed this agreement as of the date first set forth above.

Client Names(s): Sherry Alston

Client Signature(s): Sherry Alston 07/21/17

Date: 07/18/2017

# SERVICES BREAKDOWN

**Step 1: Prequalification and New File Set-Up**

- Prequalification of the Client(s) to determine if the case is viable. The prequalification process shall include:
    1. Interview Client(s) regarding financial information, current mortgage and related property information as well as determine the hardship that is causing Client(s) difficulty with said mortgage loan.
    2. Compilation, review and calculation of debt to equity ratios based upon information provided by Client(s).
    3. Analysis and underwriting to determine if the firm shall accept the case.
- If the case is accepted, the Mortgage Mitigation Program packet and RAG Client Agreement shall be sent to Client(s).
- Prepare case for Mortgage Mitigation Program.

**Step 2: Compilation of Documentation, Legal Analysis and Submission of Mortgage Mitigation Package**

- Client(s) will be required to provide current and accurate information and documentation for RAG's review and analysis including some or all of the following:
    1. HARDSHIP LETTER: Signed and dated (should describe how you fell behind with your payment(s); what has changed causing your hardship; how much of your payment you can afford; and that you are committed to saving your home from foreclosure. Be detailed with dates of all circumstances.)
    2. PROOF OF INCOME: One month's MOST RECENT pay stubs and/or proof of income for each household contributor (regardless of whether the contributor is on the mortgage or not.) Please include copies of additional sources of income (this includes: SSI, rental income, child support/alimony, 401K, IRA, government assistance, etc.)
    3. Analysis and underwriting to determine if the firm shall accept the case.
    4. SIGNED FINANCIAL ANALYSIS STATEMENT
    5. BANK STATEMENTS: All pages of the last 2 month's bank statements.
    6. MORTGAGE STATEMENTS
    7. HOMEOWNER'S INSURANCE
    8. TAX RETURNS: 2015 and 2016 Federal Income Tax returns (Including: W2's)
    9. IF SELF EMPLOYED: Year to date profit and loss statement and most recent business bank statement.
    10. LETTER OF REAFFIRMATION (for Chapter 7 filing)
    11. DISMISSAL/DISCHARGE paperwork
- If there is a Notice of Default or Foreclosure, then the following shall also be conducted:
    1. Client(s) must provide all documentation pertaining to the NOD and/or Foreclosure including any Complaint, Notice of Trustee Sale or Judicial Foreclosure.
    2. Contact lender(s) to determine and/or verify if there is a sale date for the subject property.
    3. If there is a sales date, negotiate with lender to postpone the sales date until the mortgage mitigation process may be completed.
    4. If there is no sales date, advice lender that mortgage loan is in the mitigation process and request that no sale date be set.

- Establish 3rd party authorization with lender on behalf of Client(s).
- Conduct legal research of relevant mortgage issues.
- Audit Client(s) financials in preparation for Mortgage Mitigation Package.
- Draft any necessary memorandum to lender pertaining to mortgage issues.
- Analysis and review to determine best solution for Client(s) mortgage situation.
- Submission of mitigation documents to lender.
- Follow up communication with Client(s) regarding any additional documents and/or issues pertaining to mitigation efforts and communication with lender to verify receipt of mitigation package and determine if any additional information is needed to achieve a loan modification or other mitigation option.

**Step 3: Negotiate with Lender and Obtain Mitigation Resolution**

- Negotiate with lender to determine achieve mortgage mitigation solution.
- Provide any additional needed documentation to lender.
- Remain in contact with the Client(s) and lender until a mortgage resolution has been reached.
- Upon the resolution of the mitigation process between Client(s) and lender, the services of RAG shall be deemed completed.

Retention Advocacy Group

## Payment Program

| PAYMENT DUE DATE: | AMOUNT |
|---|---|
| 07/20/2017 | $1,141.72 |
| 08/21/2017 | $1,141.72 |
| 08/20/2017 | $1,141.72 |

**Secure Methods of Payment:**

**Cashier's Check or Money Order**

**Make payable to:**
**Retention Advocacy Legal Group**

**13217 Jamboree Road Suite #476**
**Tustin, CA 92782**

**Send via Priority Mail to protect client's personal information**

**Memo Note: Enter Client ID # Only**

*No Personal Checks Accepted



# AUTHORIZATION TO RELEASE INFORMATION

**Retention Advocacy Group**

2321 East 4th Street #622
Santa Ana, CA 92705

DIRECT: 1(949) 339-3445
FAX: 1(949) 860-1625
EMAIL: quality.control@retentionag.org

| | | | |
|---|---|---|---|
| Borrower Name: Sherry Alston | | Co-Borrower Name: | |
| Social Security#: 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 | DOB: 07/29/1971 | Social Security#: | DOB: |
| Subject Property Address: 4537 Greenhill Road | | | |
| City: Philadelphia | | State: PA | Zip: 19137 |
| Mortgage Company: Freedom Mortgage | | | Loan#: |

This shall serve to authorize Retention Advocacy Group and ALL its agents, employees, and/or representatives to receive and discuss any and all documents, correspondence, information and matters relative to and in connection with the referenced matter in addition to any and all financial information, credit reports, payment histories, and ability to meet lender or insurer Loss Mitigation requirements necessary to facilitate the loan modification.

Additionally, we request, until we give further notice, that the Lender shall direct all further telephone calls and correspondence to Retention Advocacy Group, or their employees, agents, and/or representatives.

**THIS AUTHORIZATION SPECIFICALLY PERMITS THIS FIRM AND ITS REPRESENTATIVES TO NEGOTIATE WITH THE LENDER ON BEHALF OF THE BORROWER(S).**

Sherry Alston
Borrower Signature

07/21/17
Date

Co-borrower Signature

Date

INTERNAL USE ONLY:
Attorneys/Agents/Representatives/Employees
Retention Advocacy Group

RICHLYN GRAF

EMILY GOLD



# Retention Advocacy Group

Date: 07/18/2017

**Legal Department** / Freedom Mortgage

**Re: Cease and Desist Letter**

Borrower: Sherry Alston ,

Loan #: 0090013558

To whom it may concern at

As of 07/18/2017 with reference to Loan # 0090013558 has retained **Retention Advocacy Group** as Legal Counsel. All communications pertaining to the above referenced Loan Number must strictly go through our office. Furthermore, please update our client's/your borrower's mailing address to reflect the address listed below. All telephone calls, letters, and emails as well as any other form of communication will ONLY be allowed to our office. Please also advise everyone in your office to NOT stop the review process for the loan modification simply because of this Cease and Desist letter being placed on file. This letter shall serve to inform you that all contact with this borrower via telephone, should now cease.

If all communication with our client(s) Sherry Alston does not cease and this request is not granted to its fullest of intent, we will take any and all necessary legal actions against you in order to protect our Client's best interest. Thank you for your attention regarding this matter. Contact information for this office is as follows:

**Retention Advocacy Group**
**2321 East 4th St Suite 622**
**Santa Ana, CA 92705**
**949-339-3445**

Client/Borrower Signature

Very truly yours,

**Retention Advocacy Group**

Client/Co Borrower Signature

## SECTION 9: BORROWER AND CO-BORROWER ACKNOWLEDGEMENT AND AGREEMENT

1. I certify that all of the information in this RMA is truthful and the hardship(s) identified above has contributed to submission of this request for mortgage relief.

2. I understand and acknowledge that the Servicer, the U.S. Department of the Treasury, the owner or guarantor of my mortgage loan, or their respective agents may investigate the accuracy of my statements, may require me to provide additional supporting documentation and that knowingly submitting false information may violate Federal and other applicable law.

3. I authorize and give permission to the Servicer, the U.S. Department of the Treasury, and their respective agents, to assemble and use a current consumer report on all borrowers obligated on the loan, to investigate each borrower's eligibility for MHA and the accuracy of my statements and any documentation that I provide in connection with my request for assistance. I understand that these consumer reports may include, without limitation, a credit report, and be assembled and used at any point during the application process to assess each borrower's eligibility thereafter.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or if it is determined that any of my statements or any information contained in the documentation that I provide are materially false and that I was ineligible for assistance under MHA, the Servicer, the U.S. Department of the Treasury, or their respective agents may terminate my participation in MHA, including any right to future benefits and incentives that otherwise would have been available under the program, and also may seek other remedies available at law and in equity, such as recouping any benefits or incentives previously received.

5. I certify that any property for which I am requesting assistance is a habitable residential property that is not subject to a condemnation notice.

6. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

7. I understand that the Servicer will use the information I provide to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

8. I am willing to commit to credit counseling if it is determined that my financial hardship is related to excessive debt.

9. If I am eligible for assistance under MHA, and I accept and agree to all terms of an MHA notice, plan, or agreement, I also agree that the terms of this Acknowledgment and Agreement are incorporated into such notice, plan, or agreement by reference as if set forth therein in full. My first timely payment, if required, following my servicer's determination and notification of my eligibility or prequalification for MHA assistance will serve as my acceptance of the terms set forth in the notice, plan, or agreement sent to me.

10. I understand that my Servicer will collect and record personal information that I submit in this RMA and during the evaluation process, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any MHA notice, plan or agreement to the U.S. Department of the Treasury and its agents, Fannie Mae and Freddie Mac in connection with their responsibilities under MHA, companies that perform support services in conjunction with MHA, any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) and to any HUD-certified housing counselor.

11. I consent to being contacted concerning this request for mortgage assistance at any e-mail address or cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

The undersigned certifies under penalty of perjury that all statements in this document are true and correct.

| [signature] | 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 | 07/29/1971 | 07/21/2017 |
|---|---|---|---|
| Borrower Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Co-borrower Signature | Social Security Number | Date of Birth | Date |

**Borrower/Co-Borrower Acknowledgement and Agreement**

I certify, acknowledge, and agree to the following:

1. All of the information in this Borrower Assistance Form is truthful and the hardship that I have identified contributed to my need for mortgage relief.
2. The accuracy of my statements may be reviewed by the Servicer, owner or guarantor of my mortgage, their agent(s), or an authorized third party*, and I may be required to provide additional supporting documentation. I will provide all requested documents and will respond timely to all Servicer, or authorized third party*, communications.
3. Knowingly submitting false information may violate Federal and other applicable law.
4. If I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this request for mortgage relief or if I do not provide all required documentation, the Servicer may cancel any mortgage relief granted and may pursue foreclosure on my home and/or pursue any available legal remedies.
5. The Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.
6. I may be eligible for a trial period plan, repayment plan, or forbearance plan. If I am eligible for one of these plans, I agree that:
   a. All the terms of this Acknowledgment and Agreement are incorporated into such plan by reference as if set forth in such plan in full.
   b. My first timely payment under the plan will serve as acceptance of the terms set forth in the notice of the plan sent by the Servicer.
   c. The Servicer's acceptance of any payments under the plan will not be a waiver of any acceleration of my loan or foreclosure action that has occurred and will not cure my default unless such payments are sufficient to completely cure my entire default under my loan.
   d. Payments due under a trial period plan for a modification will contain escrow amounts. If I was not previously required to pay escrow amounts, and my trial period plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior waiver is revoked. Payments due under a repayment plan or forbearance plan may or may not contain escrow amounts. If I was not previously required to pay escrow amounts and my repayment plan or forbearance plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior escrow waiver is revoked.
7. A condemnation notice has not been issued for the property.
8. The Servicer or authorized third party* will obtain a current credit report on all borrowers obligated on the Note.
9. The Servicer or authorized third party* will collect and record personal information that I submit in this Borrower Response Package and during the evaluation process. This personal information may include, but is not limited to: (a) my name, address, telephone number, (b) my social security number, (c) my credit score, (d) my income, and (e) my payment history and information about my account balances and activity. I understand and consent to the Servicer or authorized third party*, as well as any investor or guarantor (such as Fannie Mae or Freddie Mac), disclosing my personal information and the terms of any relief or foreclosure alternative that I receive to the following:
   a. Any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) or any companies that perform support services to them; and
   b. The U.S. Department of Treasury, Fannie Mae and Freddie Mac, in conjunction with their responsibilities under the Making Home Affordable program, or any companies that perform support services to them.
10. I consent to being contacted concerning this request for mortgage assistance at any telephone number, including mobile telephone number, or email address I have provided to the Lender/Servicer/ or authorized third party*. By checking this box, I also consent to being contacted by ☑ text messaging.

Sherry [signature] 07/21/19 [signature]

Borrower Signature | Date | Co-Borrower Signature | Date

*An authorized third party may include, but is not limited to, a counseling agency, Housing Finance Agency (HFA) or other similar entity that is assisting me in obtaining a foreclosure prevention alternative.

**HELP FOR AMERICA'S HOMEOWNERS.**

MAKING HOME AFFORDABLE

**Loan Number** ______________________

# Dodd-Frank Certification

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). **You are required to furnish this information.** The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 *et seq.*), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (a) felony larceny, theft, fraud or forgery, (b) money laundering or (c) tax evasion.

I/We certify under penalty of perjury that I/we have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction:

(a) felony larceny, theft, fraud, or forgery,
(b) money laundering or
(c) tax evasion.

I/We understand that the servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I/we have not been convicted of such crimes. I/We also understand that knowingly submitting false information may violate Federal law.

This Certificate is effective on the earlier of the date listed below or the date received by your servicer.

| [signature] | 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 | 07/29/1971 | 07/29/1971 |
|---|---|---|---|
| Borrower Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Co-Borrower Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Additional Co-Borrower (1) Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Additional Co-Borrower (2) Signature | Social Security Number | Date of Birth | Date |



5735

American Heritage

2060 RED LION ROAD
PHILADELPHIA, PENNSYLVANIA 19116
215-969-0777 800-342-8008

VOID AFTER 90 DAYS

DATE
07/24/17

$1,1

Pay: ***ONE THOUSAND ONE HUNDRED FORTY ONE DOLLARS AND 72 CENTS*****

CASHIE

PAY TO THE ORDER OF
RETENTION ADVOCACY LEGAL GROUP
REF: SHERRY ALSTON
7537 GREENHILL RD.
PHILADELPHIA PA 19151

AMERICAN HERITAG



American Heritage
CREDIT UNION

2060 RED LION ROAD
PHILADELPHIA, PENNSYLVANIA 19115
215-969-0777 800-342-0008

VOID AFTER 90 DAYS 50 0000449358

DATE 08/24/17

$1,141.72

CASHIER'S CHECK

Pay: ***ONE THOUSAND ONE HUNDRED FORTY ONE DOLLARS AND 72 CENTS*****

PAY TO THE ORDER OF
RETENTION ADVOCACY LEGAL GROUP
REF: SHERRY ALSTON
7537 GREENHILL RD
PHILA. PA 19151

MEMO: PAYMENT #2

AMERICAN HERITAGE FEDERAL CREDIT UNION
Authorized Signature

⑈0000449358⑈ ⑆236082944⑆ 900007546329 0⑈

American Heritage

VOID AFTER 90 DAYS

DATE 09/27/17

PAY ***ONE THOUSAND ONE HUNDRED FORTY ONE DOLLARS AND 72 CENTS*****

$1,141.72

CASHIER'S CHECK

PAY TO THE ORDER OF RETENTION ADVOCACY LEGAL GROUP

MEMO: REF: SHERRY ALSTON
7637 GREENHILL ROAD
PHILADELPHIA PA 19151
PAYMENT#

AMERICAN HERITAGE FEDERAL CREDIT UNION

American Heritage
2060 RED LION ROAD
PHILADELPHIA, PENNSYLVANIA 19115
Pay: ***ONE THOUSAND ONE HUNDRED FORTY ONE DOLLARS AND 72 CENTS***
RETENTION ADVOCACY LEGAL GROUP
REF:SHERRY ALSTON
7537 GREENHILL ROAD
PHILADELPHIA PA 19151
PAYMENT #3
CASHIER'S CHECK
DATE 10/02/17

Form 8879

Department of the Treasury
Internal Revenue Service

# IRS *e-file* Signature Authorization

▶ Return completed Form 8879 to your ERO. (Don't send to the IRS.)
▶ Go to *www.irs.gov/Form8879* for the latest information.

OMB No. 1545-0074

2018

Submission Identification Number (SID) ▶

Taxpayer's name: SHERRY ALSTON
Social security number: 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
Spouse's name:
Spouse's social security number:

## Part I Tax Return Information - Tax Year Ending December 31, 2018 (Whole dollars only)

| | | | |
|---|---|---|---|
| 1 | Adjusted gross income (Form 1040, line 7; Form 1040NR, line 35) | 1 | 80,110 |
| 2 | Total tax (Form 1040, line 15; Form 1040NR, line 61) | 2 | 6,232 |
| 3 | Federal income tax withheld from Forms W-2 and 1099 (Form 1040, line 16; Form 1040NR, line 62a) | 3 | 9,323 |
| 4 | Refund (Form 1040, line 20a; Form 1040-SS, Part I, line 13a; Form 1040NR, line 73a) | 4 | 4,080 |
| 5 | Amount you owe (Form 1040, line 22; Form 1040NR, line 75) | 5 | |

## Part II Taxpayer Declaration and Signature Authorization (Be sure you get and keep a copy of your return)

Under penalties of perjury, I declare that I have examined a copy of my electronic individual income tax return and accompanying schedules and statements for the tax year ending December 31, 2018, and to the best of my knowledge and belief, they are true, correct, and complete. I further declare that the amounts in Part I above are the amounts from my electronic income tax return. I consent to allow my intermediate service provider, transmitter, or electronic return originator (ERO) to send my return to the IRS and to receive from the IRS (a) an acknowledgement of receipt or reason for rejection of the transmission, (b) the reason for any delay in processing the return or refund, and (c) the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Agent to initiate an ACH electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of my federal taxes owed on this return and/or a payment of estimated tax, and the financial institution to debit the entry to this account. This authorization is to remain in full force and effect until I notify the U.S. Treasury Financial Agent to terminate the authorization. To revoke (cancel) a payment, I must contact the U.S. Treasury Financial Agent at 1-888-353-4537. Payment cancellation requests must be received no later then 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment. I further acknowledge that the personal identification number (PIN) below is my signature for my electronic income tax return and, if applicable, my Electronic Funds Withdrawal Consent.

**Taxpayer's PIN: check one box only** RTN=291471024 Acct=21981001766621400

[X] I authorize A & M BERK TAX SERVICE INC (ERO firm name) to enter or generate my PIN 05845 (Enter five digits, but don't enter all zeros) as my signature on my tax year 2018 electronically filed income tax return.

[ ] I will enter my PIN as my signature on my tax year 2018 electronically filed income tax return. Check this box **only** if you are entering your own PIN and your return is filed using the Practitioner PIN method. The ERO must complete Part III below.

Your signature ▶ Sherry Alston Date ▶ 04/06/2019

**Spouse's PIN: check one box only**

[ ] I authorize ________ (ERO firm name) to enter or generate my PIN ________ (Enter five digits, but don't enter all zeros) as my signature on my tax year 2018 electronically filed income tax return.

[ ] I will enter my PIN as my signature on my tax year 2018 electronically filed income tax return. Check this box **only** if you are entering your own PIN and your return is filed using the Practitioner PIN method. The ERO must complete Part III below.

Spouse's signature ▶ ________ Date ▶ ________

**Practitioner PIN Method Returns Only - continue below**

## Part III Certification and Authentication - Practitioner PIN Method Only

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN. 233854-99999 (Don't enter all zeros)

I certify that the above numeric entry is my PIN, which is my signature for the tax year 2018 electronically filed income tax return for the taxpayer(s) indicated above. I confirm that I am submitting this return in accordance with the requirements of the Practitioner PIN method and **Pub.1345**, Handbook for Authorized IRS *e-file* Providers of Individual Income Tax Returns.

ERO's signature ▶ ________ Date ▶ ________

**ERO Must Retain This Form - See Instructions**
**Don't Submit This Form to the IRS Unless Requested To Do So**

# Form 1040 Department of the Treasury-Internal Revenue Service (99) U.S. Individual Income Tax Return 2018

OMB No. 1545-0074 IRS Use Only-Do not write or staple in this space.

Filing status: ☐ Single ☐ Married filing jointly ☐ Married filing separately ☒ Head of household ☐ Qualifying widow(er)

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| SHERRY | ALSTON | 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 |

Your standard deduction: ☐ Someone can claim you as a dependent ☐ You were born before January 2, 1954 ☐ You are blind

| If joint return, spouse's first name and initial | Last name | Spouse's social security number |
|---|---|---|
| | | |

Spouse standard deduction: ☐ Someone can claim your spouse as a dependent ☐ Spouse was born before January 2, 1954 ☒ Full-year health care coverage or exempt (see inst.)

☐ Spouse is blind ☐ Spouse itemizes on a separate return or you were dual-status alien

Home address (number and street). Apt. no.
7537 GREEN HILL ROAD

Presidential Election Campaign (see inst.) ☐ You ☐ Spouse

City, town or post office, state, and ZIP code. If you have a foreign address, attach Schedule 6.
Philadelphia, PA 19115

If more than four dependents, see inst. and check here ▶ ☐

Dependents (see instructions):

| (1) First name | Last name | (2) Social security number | (3) Relationship to you | (4) Child tax credit | (4) Credit for other dependents |
|---|---|---|---|---|---|
| NYELLE | HARGRAVES | 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 | Daughter | ☐ | ☒ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

## Sign Here

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

| Your signature | Date | Your occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) |
|---|---|---|---|
| 05845 | 04-06-2019 | MEDICAL COORDINATOR | |
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) |

## Paid Preparer Use Only

| Preparer's signature | PTIN | Firm's EIN | Check if: |
|---|---|---|---|
| | P00014971 | 22-1920230 | ☐ 3rd Party Designee |
| Preparer's name DARREN BADER EA | Phone no. | 215-844-9518 | ☐ Self-employed |

Firm's name ▶ A & M BERK TAX SERVICE INC

Firm's address ▶1505 SPRING GARDEN STREET, Philadelphia, PA 19130

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions. Form 1040 (2018)

Form 1040 (2018) Page 2

| Line | Description | | Amount |
|---|---|---|---|
| 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 1 | 80,110 |
| 2a | Tax-exempt interest 2a ___ b Taxable interest | 2b | |
| 3a | Qualified dividends 3a ___ b Ordinary dividends | 3b | |
| 4a | IRAs, pensions, and annuities 4a ___ b Taxable amount | 4b | |
| 5a | Social security benefits 5a ___ b Taxable amount | 5b | |
| 6 | Total income. Add lines 1 through 5. Add any amount from Schedule 1, line 22 | 6 | 80,110 |
| 7 | Adjusted gross income. If you have no adjustments to income, enter the amount from line 6; otherwise, subtract Schedule 1, line 36, from line 6 | 7 | 80,110 |
| 8 | Standard deduction or itemized deductions (from Schedule A) | 8 | 18,000 |
| 9 | Qualified business income deduction (see instructions) | 9 | |
| 10 | Taxable income. Subtract lines 8 and 9 from line 7. If zero or less, enter -0- | 10 | 62,110 |
| 11 | a Tax (see inst) 8,216 (check if any from: 1 ☐ Form(s) 8814 2 ☐ Form 4972 3 ☐ ) b Add any amount from Schedule 2 and check here ▶ ☐ | 11 | 8,216 |
| 12 | a Child tax credit/credit for other dependents 500 b Add any amount from Schedule 3 & check here ▶ ☒ | 12 | 1,984 |
| 13 | Subtract line 12 from line 11. If zero or less, enter -0- | 13 | 6,232 |
| 14 | Other taxes. Attach Schedule 4 | 14 | |
| 15 | Total tax. Add lines 13 and 14 | 15 | 6,232 |
| 16 | Federal income tax withheld from Forms W-2 and 1099 | 16 | 9,323 |
| 17 | Refundable credits: a EIC (see inst.) ___ b Sch 8812 ___ c Form 8863 989 Add any amount from Schedule 5 ___ | 17 | 989 |
| 18 | Add lines 16 and 17. These are your total payments | 18 | 10,312 |

Attach Form(s) W-2. Also attach Form(s) W-2G and 1099-R if tax was withheld.

Standard Deduction for-
- Single or married filing separately, $12,000
- Married filing jointly or Qualifying widow(er), $24,000
- Head of household, $18,000
- If you checked any box under Standard deduction, see instructions.

## Refund

| Line | Description | | Amount |
|---|---|---|---|
| 19 | If line 18 is more than line 15, subtract line 15 from line 18. This is the amount you overpaid | 19 | 4,080 |
| 20a | Amount of line 19 you want refunded to you. If Form 8888 is attached, check here ▶ ☐ | 20a | 4,080 |
| b | Routing number 291471024 c Type: ☒ Checking ☐ Savings | | |
| d | Account number 21981001766621400 | | |
| 21 | Amount of line 19 you want applied to your 2019 estimated tax ▶ 21 | | |

Direct deposit? See instructions.

## Amount You Owe

| Line | Description | | Amount |
|---|---|---|---|
| 22 | Amount you owe. Subtract line 18 from line 15. For details on how to pay, see instructions ▶ | 22 | |
| 23 | Estimated tax penalty (see instructions) ▶ 23 | | |

Go to www.irs.gov/Form1040 for instructions and the latest information. Form 1040 (2018)

EEA

**SCHEDULE 3** (Form 1040)

Department of the Treasury Internal Revenue Service

# Nonrefundable Credits

▶ Attach to Form 1040.
▶ Go to *www.irs.gov/Form1040* for instructions and the latest information.

OMB No. 1545-0074
**2018**
Attachment Sequence No. 03

Name(s) shown on Form 1040: SHERRY ALSTON
Your social security number: 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

**Nonrefundable Credits**

| Line | Description | Line | Amount |
|---|---|---|---|
| 48 | Foreign tax credit. Attach Form 1116 if required | 48 | |
| 49 | Credit for child and dependent care expenses. Attach Form 2441 | 49 | |
| 50 | Education credits from Form 8863, line 19 | 50 | 1,484 |
| 51 | Retirement savings contributions credit. Attach Form 8880 | 51 | |
| 52 | Reserved | 52 | |
| 53 | Residential energy credit. Attach Form 5695 | 53 | |
| 54 | Other credits from Form a ☐ 3800 b ☐ 8801 c ☐ | 54 | |
| 55 | Add the amounts in the far right column. Enter here and include on Form 1040, line 12 | 55 | 1,484 |

**For Paperwork Reduction Act Notice, see your tax return instructions.**

EEA

Form **8863**

Department of the Treasury Internal Revenue Service (99)

# Education Credits (American Opportunity and Lifetime Learning Credits)

▶ Attach to Form 1040.

▶ Go to *www.irs.gov/Form8863* for instructions and the latest information.

OMB No. 1545-0074

**2018**

Attachment Sequence No. **50**

Name(s) shown on return: SHERRY ALSTON

Your social security number: 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

**! CAUTION** *Complete a separate Part III on page 2 for each student for whom you're claiming either credit before you complete Parts I and II.*

## Part I Refundable American Opportunity Credit

| Line | Description | Box | Amount | Line | Amount |
|---|---|---|---|---|---|
| 1 | After completing Part III for each student, enter the total of all amounts from all Parts III, line 30 | | | 1 | 2,500 |
| 2 | Enter: $180,000 if married filing jointly; $90,000 if single, head of household, or qualifying widow(er) | 2 | 90,000 | | |
| 3 | Enter the amount from Form 1040, line 7. If you're filing Form 2555, 2555-EZ, or 4563, or you're excluding income from Puerto Rico, see Pub. 970 for the amount to enter | 3 | 80,110 | | |
| 4 | Subtract line 3 from line 2. If zero or less, **stop;** you can't take any education credit | 4 | 9,890 | | |
| 5 | Enter: $20,000 if married filing jointly; $10,000 if single, head of household, or qualifying widow(er) | 5 | 10,000 | | |
| 6 | If line 4 is:<br>• Equal to or more than line 5, enter 1.000 on line 6<br>• Less than line 5, divide line 4 by line 5. Enter the result as a decimal (rounded to at least three places) | | | 6 | 0.989 |
| 7 | Multiply line 1 by line 6. **Caution:** If you were under age 24 at the end of the year and meet the conditions described in the instructions, you can't take the refundable American opportunity credit; skip line 8, enter the amount from line 7 on line 9, and check this box ▶ ☐ | | | 7 | 2,473 |
| 8 | **Refundable American opportunity credit.** Multiply line 7 by 40% (0.40). Enter the amount here and on Form 1040, line 17c. Then go to line 9 below | | | 8 | 989 |

## Part II Nonrefundable Education Credits

| Line | Description | Box | Amount | Line | Amount |
|---|---|---|---|---|---|
| 9 | Subtract line 8 from line 7. Enter here and on line 2 of the Credit Limit Worksheet (see instructions) | | | 9 | 1,484 |
| 10 | After completing Part III for each student, enter the total of all amounts from all Parts III, line 31. If zero, skip lines 11 through 17, enter -0- on line 18, and go to line 19 | | | 10 | 0 |
| 11 | Enter the smaller of line 10 or $10,000 | | | 11 | |
| 12 | Multiply line 11 by 20% (0.20) | | | 12 | |
| 13 | Enter: $134,000 if married filing jointly; $67,000 if single, head of household, or qualifying widow(er) | 13 | | | |
| 14 | Enter the amount from Form 1040, line 7. If you're filing Form 2555, 2555-EZ, or 4563, or you're excluding income from Puerto Rico, see Pub. 970 for the amount to enter | 14 | | | |
| 15 | Subtract line 14 from line 13. If zero or less, skip lines 16 and 17, enter -0- on line 18, and go to line 19 | 15 | | | |
| 16 | Enter: $20,000 if married filing jointly; $10,000 if single, head of household, or qualifying widow(er) | 16 | | | |
| 17 | If line 15 is:<br>• Equal to or more than line 16, enter 1.000 on line 17 and go to line 18<br>• Less than line 16, divide line 15 by line 16. Enter the result as a decimal (rounded to at least three places) ▶ | | | 17 | |
| 18 | Multiply line 12 by line 17. Enter here and on line 1 of the Credit Limit Worksheet (see instructions) | | | 18 | 0 |
| 19 | **Nonrefundable education credits.** Enter the amount from line 7 of the Credit Limit Worksheet (see instructions) here and on Schedule 3 (Form 1040), line 50 | | | 19 | 1,484 |

**For Paperwork Reduction Act Notice, see your tax return instructions.**

Form **8863** (2018)

EEA

Name(s) shown on return: SHERRY ALSTON

Your social security number: 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

**CAUTION** *Complete Part III for each student for whom you're claiming either the American opportunity credit or lifetime learning credit. Use additional copies of page 2 as needed for each student.*

## Part III Student and Educational Institution Information. See instructions.

20 Student name (as shown on page 1 of your tax return): NYELLE HARGRAVES

21 Student social security number (as shown on page 1 of your tax return): 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

22 Educational institution information (see instructions)

| a. Name of first educational institution | b. Name of second educational institution (if any) |
|---|---|
| WIDENER UNIVERSITY | |
| (1) Address. Number and street (or P.O. box). City, town or post office, state, and ZIP code. If a foreign address, see instructions.<br>ONE UNIVERSITY PLACE<br>CHESTER, PA 19013-5792 | (1) Address. Number and street (or P.O. box). City, town or post office, state, and ZIP code. If a foreign address, see instructions. |
| (2) Did the student receive Form 1098-T from this institution for 2018? ☒ Yes ☐ No | (2) Did the student receive Form 1098-T from this institution for 2018? ☐ Yes ☐ No |
| (3) Did the student receive Form 1098-T from this institution for 2017 with box 2 filled in and box 7 checked? ☐ Yes ☒ No | (3) Did the student receive Form 1098-T from this institution for 2017 with box 2 filled in and box 7 checked? ☐ Yes ☐ No |
| (4) Enter the institution's employer identification number (EIN) if you're claiming the American opportunity credit or if you checked "Yes" in (2) or (3). You can get the EIN from Form 1098-T or from the institution.<br>23-1386178 | (4) Enter the institution's employer identification number (EIN) if you're claiming the American opportunity credit or if you checked "Yes" in (2) or (3). You can get the EIN from Form 1098-T or from the institution. |

23 Has the Hope Scholarship Credit or American opportunity credit been claimed for this student for any 4 tax years before 2018? ☐ Yes - Stop! Go to line 31 for this student. ☒ No - Go to line 24.

24 Was the student enrolled at least half-time for at least one academic period that began or is treated as having begun in 2018 at an eligible educational institution in a program leading towards a postsecondary degree, certificate, or other recognized postsecondary educational credential? See instructions. ☒ Yes - Go to line 25. ☐ No - Stop! Go to line 31 for this student.

25 Did the student complete the first 4 years of postsecondary education before 2018? See instructions. ☐ Yes - Stop! Go to line 31 for this student. ☒ No - Go to line 26.

26 Was the student convicted, before the end of 2018, of a felony for possession or distribution of a controlled substance? ☐ Yes - Stop! Go to line 31 for this student. ☒ No - Complete lines 27 through 30 for this student.

**CAUTION** *You can't take the American opportunity credit and the lifetime learning credit for the same student in the same year. If you complete lines 27 through 30 for this student, don't complete line 31.*

### American Opportunity Credit

| | | Line | Amount |
|---|---|---|---|
| 27 | Adjusted qualified education expenses (see instructions). **Don't enter more than $4,000** | 27 | 4,000 |
| 28 | Subtract $2,000 from line 27. If zero or less, enter -0- | 28 | 2,000 |
| 29 | Multiply line 28 by 25% (0.25) | 29 | 500 |
| 30 | If line 28 is zero, enter the amount from line 27. Otherwise, add $2,000 to the amount on line 29 and enter the result. Skip line 31. Include the total of all amounts from all Parts III, line 30, on Part I, line 1 | 30 | 2,500 |

### Lifetime Learning Credit

| | | Line | Amount |
|---|---|---|---|
| 31 | Adjusted qualified education expenses (see instructions). Include the total of all amounts from all Parts III, line 31, on Part II, line 10 | 31 | |

